UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LARRY G. PHILPOT, | ) |
| *Plaintiff*, | ) |
| vs. | ) No. 1:14-cv-01977-JMS-DML |
| GRAY TELEVISION, INC., | ) |
| *Defendant*. | ) |

## ORDER

Presently pending before the Court is Defendant Gray Television, Inc.'s ("Gray"), Objection, [Filing No. 24], to the Magistrate Judge's Report and Recommendation, [Filing No. 23], regarding Gray's Motion to Dismiss Plaintiff Larry G. Philpot's Complaint for Lack of Jurisdiction, [Filing No. 7]. For the reasons set forth herein, the Court overrules Gray's Objection and adopts the ruling of the Magistrate Judge. [Filing No. 23.]

## I.
### BACKGROUND

On December 2, 2014, Mr. Philpot filed this action against Gray, alleging copyright infringement claims. [Filing No. 1.] He alleges that Gray is headquartered in Georgia and owns many television stations, including one based in Alexandria, Louisiana. [Filing No. 1 at 2.] Mr. Philpot claims that Gray's Louisiana station used a copyrighted photograph of Willie Nelson taken by Mr. Philpot without Mr. Philpot's permission and without attributing the photo to him, in violation of various copyright laws. [Filing No. 1 at 3-4.]

On December 24, 2014, Gray filed a Motion to Dismiss for Improper Venue or, In the Alternative, to Transfer Venue to the Western District of Louisiana. [Filing No. 7.] Mr. Philpot opposed that motion, [Filing No. 14], and Gray replied in support, [Filing No. 16]. On January

20, 2015, this Court referred Gray's motion to the assigned Magistrate Judge, designating her to conduct any necessary hearings and issue a report and recommendation regarding the proper disposition of the motion pursuant to 28 U.S.C. § 636(b)(1)(B). [Filing No. 17.]

The assigned Magistrate Judge issued her Report and Recommendation on February 20, 2015, recommending that the Mr. Philpot's action should not be dismissed but that it should be transferred to the Northern District of Indiana pursuant to 28 U.S.C. § 1406(a) because venue in this District is improper. [Filing No. 23.] Gray objects, [Filing No. 24], and the issue is now ripe for this Court's decision, [Filing No. 25; Filing No. 26].

## II.
### STANDARD OF REVIEW

Gray assumes that this Court's review of the Magistrate Judge's recommendation will be *de novo*. [Filing No. 24.] Under *de novo* review, the Court is free to accept, reject, or modify the recommended disposition. Fed. R. Civ. Pro. 72(b)(3). Mr. Philpot does not address the applicable standard, but the Court notes that other district courts have reviewed magistrate judge recommendations in the transfer context for clear error. *See Thomas v. Exxon Mobil Oil Corp.*, 2007 WL 1035159, at *1 (N.D. Ind. 2007) ("As Exxon is well aware, this Court is not in a position to review Magistrate Judge Cherry's decision *de novo*. Rule 72(a) of the Federal Rules of Civil Procedure grant magistrate judges great latitude in resolving non-dispositive matters, such as [the Magistrate's recommendation to transfer the case]."); *United Consumers Club, Inc. v. Prime Time Mktg. Mgmt., Inc.*, 2008 WL 2572028, at *2 (N.D. Ind. 2008) (reviewing a recommendation that a request for transfer be denied for clear error).

It is important to remember that this Court is essentially functioning as an appellate court in this context. Thus, even under *de novo* review, "arguments not made before a magistrate judge are normally waived." *United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000). As the

2

Seventh Circuit Court of Appeals has observed, "there are good reasons for the rule," even in the context of *de novo* review. *Id.* Failure to fully develop arguments before the magistrate judge may prejudice a party, and "a willingness to consider new arguments at the district court level would undercut the rule that the findings in a magistrate judge's report and recommendation are taken as established unless the party files objections to them." *Id.*

Because the Court ultimately agrees with the Magistrate Judge's recommendation and Mr. Philpot does not dispute the applicable standard, the Court will apply *de novo* review. *See* Fed. R. Civ. Pro. 72(b)(3) (applying de novo review to resolving timely objections to a dispositive motion). That said, the Court will not consider any arguments that were not fully developed before the Magistrate Judge.

### III.
#### DISCUSSION

Gray does not dispute the Magistrate Judge's conclusion that venue in this District is improper. [Filing No. 24 at 2.] Gray does dispute the Magistrate Judge's recommendation to deny its Motion to Dismiss, [Filing No. 7], and transfer this action to the Northern District of Indiana pursuant to 28 U.S.C. § 1406(a). [Filing No. 24 at 1.] Gray emphasizes that its "only connection with Indiana is ownership and operation of a South Bend station, WDNU-TV, and there are no allegations and nothing in the record suggesting that Gray is 'at home' in the Northern District [of Indiana]." [Filing No. 24 at 2.]

In response, Mr. Philpot asks the Court to overrule Gray's objection and transfer his action to the Northern District of Indiana. [Filing No. 25.] He emphasizes that Gray has sufficient contacts with that district and that it would be more convenient for both parties than Louisiana would be. [Filing no. 25 at 3-4.] He requests that if this Court does transfer his action, that it be transferred to the Lafayette Division of the Northern District of Indiana. [Filing No. 25 at 5.]

3

In reply, Gray contends that Mr. Philpot "seeks to elevate his convenience over the limits of the Court's jurisdictional authority." [Filing No. 26 at 1.] It emphasizes that 28 U.S.C. § 1406(a) only permits transfer of an action to a district where it could have been brought, and Gray contends that the Northern District of Indiana is not such a district. [Filing No. 26 at 1.]

Neither party challenges the Magistrate Judge's conclusion that venue in this District is improper, and this Court agrees. Specifically, it is undisputed that Gray does not have contacts with this District other than that the television station at issue has a website that could have been accessed in this District. That is insufficient to render venue in this District proper. *See Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010) (maintenance of a public Internet website is insufficient, without more, to establish general jurisdiction). Thus, the Court adopts the Magistrate Judge's recommendation that venue in this District is improper.

28 U.S.C. § 1406(a) provides that when a case is filed in the wrong district, the Court shall "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Thus, the Court must now determine whether it agrees with the Magistrate Judge's recommendation to deny Gray's Motion to Dismiss, [Filing No. 7], and instead transfer this action to the Northern District of Indiana.

28 U.S.C. § 1400 controls venue in copyright actions and provides that a civil action "relating to copyrights . . . may be instituted in the district in which the defendant or his agent resides or may be found." The "may be found" clause set forth in § 1400 "has been interpreted to mean that a defendant is amenable to personal jurisdiction in a particular forum." *Milwaukee Concrete Studios, Ltd. v. Fjeld Mfg. Co.*, 8 F.3d 441, 445 (7th Cir. 1993). It "requires district courts to consider a defendant's contacts with a particular judicial district in determining where that defendant may be found." *Fjeld*, 8 F.3d at 445. Moreover, § 1400 "requires that a defendant

4

be found in a particular judicial district, rather than in the state in which the district court sits." *Id.* As long as a defendant has sufficient contacts with a district to confer personal jurisdiction on it under the applicable state's long-arm statute, venue in that district is proper pursuant to § 1400(a). *Id.* at 448 (discussing Wisconsin long-arm statute in context of defendant's contacts with district at issue).

Throughout its Objection, Gray emphasizes that 28 U.S.C. § 1406(a) only allows a Court to transfer a case for improper venue to a district in which it could have been brought. [Filing No. 24.] But Gray ignores that the applicable venue statute for copyright cases is 28 U.S.C. § 1400, not the generally applicable venue statute found in 28 U.S.C. § 1391. The Magistrate Judge cited § 1400 throughout her recommendation, [Filing No. 23], but Gray does not provide any argument regarding what would be sufficient such that Gray "may be found" in the Northern District pursuant to that statute, [Filing No. 24]. Gray also ignores Indiana state law, which is what federal courts apply to determine the bounds of their jurisdiction. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014) ("Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons."). Thus, Gray has waived these arguments and the Court will not develop them for it. *Weinstein v. Schwartz*, 422 F.3d 476, 477 (7th Cir. 2005) ("The failure to develop an argument constitutes a waiver.").

It is undisputed that Gray owns and operates a South Bend television station in the Northern District of Indiana., even if that station was not the station Mr. Philpot accuses of unlawfully using the image at issue. [Filing No. 24 at 2.] In its Objection, Gray goes to great lengths to downplay its connection to the Northern District, arguing that its "operation of a single station" does not satisfy the necessary jurisdictional requirements. [Filing No. 24 at 4-10.] Gray develops these arguments to a much greater extent than it did before the Magistrate Judge, [*see* Filing No. 16 at

8-9], and the Court will not allow its review of a Magistrate Judge's recommendation to function as a second bite at the apple. Given that Gray admits that it has contacts with the Northern District of Indiana and it has failed to sufficiently develop any argument regarding the application of Indiana state law to the bounds of the Northern District's jurisdiction pursuant to 28 U.S.C. § 1400, the Court adopts the Magistrate Judge's Report and Recommendation, [Filing No. 23], denies Gray's Motion to Dismiss, [Filing No. 7], and directs the Clerk to transfer this action to the Northern District of Indiana pursuant to 28 U.S.C. § 1406(a). Gray has not addressed Mr. Philpot's request that his case be transferred to the Lafayette division of the Northern District of Indiana, [Filing No. 25 at 5; Filing No. 26 (no reply on that point)], but the Court will leave the divisional assignment to the clerk of the Northern District.

### IV.
#### CONCLUSION

For the reasons explained herein, the Court **OVERRULES** Gray's Objection, [Filing No. 24], and **ADOPTS** the Magistrate Judge's Report and Recommendation, [Filing No. 23]. Thus, Gray's Motion to Dismiss is **DENIED**, [Filing No. 7], and this Clerk is directed to **TRANSFER** this action to the Northern District of Indiana pursuant to 28 U.S.C. § 1406(a). The Clerk is also directed to **TERMINATE** Filing No. 25.

March 30, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via US Mail:**

LARRY G. PHILPOT
8125 Halyard Way, 1st Floor
Indianapolis, IN 46236

**Electronic Distribution via CM/ECF:**

Robert J. Labate
HOLLAND & KNIGHT LLP
robert.labate@hklaw.com

Charles D. Tobin
HOLLAND & KNIGHT, LLP
charles.tobin@hklaw.com

Michael P. O'Neil
TAFT STETTINIUS & HOLLISTER LLP
moneil@taftlaw.com